DJF:SSD:mmr

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK LEE HOLLOMAN,** | : | **No. 3:CV-19-0080** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **(Judge Mannion)** |
| | : | |
| **WARDEN SCOTT FINLEY,** | : | |
| **Respondent** | : | **Filed Electronically** |

## <u>RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS</u>

Respondent Warden Scott Finley submits this response to the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by Petitioner Derrick Lee Holloman. Respondent requests that the Court dismiss the petition because Holloman's claims are not cognizable in a habeas corpus action.

### I.   Procedural History

Holloman is an inmate incarcerated at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania (FCI Schuylkill).   <u>See</u> Pet. (Doc. 1) at 1 of 12.   Holloman's habeas petition, filed January 14, 2019, asserts FCI Schuylkill staff denied medical treatment, subjected Holloman to cruel and unusual punishment, and retaliated against him when they allegedly failed to provide him an adequate diet for

his food allergies, did not provide allergy medication, and caused him to suffer from an adverse food allergy reactions.   Id. at 3, 6-8 of 12.

As relief, Holloman requests "that the remainder of my sentence be terminated and that I'm released to start my life as a free man once again."   Id. at 8.   On April 5, 2019, the Court issued an Order directing Respondent to respond to Holloman's petition within twenty-one days.   See Order (Doc. 3).

## II. Question Presented

Whether the Court should dismiss the habeas petition because Holloman's claims do not challenge either the fact or duration of his confinement, and are not cognizable in a habeas corpus action?

## III. Argument

Holloman initiated this action pursuant to 28 U.S.C. § 2241 claiming that "since February 18, 2015 I have been denied medical treatment, and have be subject to both cruel and unusual punishment, and retaliation by the staff here at Schuylkill." See Pet. (Doc. 1) at 2.   More specifically, Holloman alleges that since his arrival at FCI Schuylkill on February 18, 2015: (1) he has been forced to miss over 1,000 meals due to food allergies; (2) he was never given his allergy prescriptions of Benadryl and Claritin; (3) that he was hospitalized after going into anaphylactic shock after eating food that he is allergic to; (4) that he also ate something he was allergic to and had to be given a Benadryl injection; and, (5) all grievances

2

concerning his hospitalization have disappeared and his incoming legal mail has been opened. See id. at 6-8.    As relief, he requests that the remainder of his sentence be terminated and he be released. See id. at 8.

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement.    Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); see also Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (stating federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention").   Thus, if a claim does not directly implicate the fact or duration of an inmate's confinement, it may not be pursued by means of a habeas corpus petition. Leamer, 288 F.3d at 542.

> Although both [42 U.S.C.] § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect.   Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'"

Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).   If a plaintiff is seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, then the appropriate remedy is a civil rights action.   Leamer, 288 F.3d at 540.

In this case, Holloman complains of being denied an adequate diet for his allergies, as well as being denied medical care after suffering a reaction to a food allergy, neither of which can be remedied through this habeas petition.   See Pet. (Doc. 1) at 7.   These claims pertain to the conditions of his confinement, and do not relate to the fact or duration of his physical imprisonment.   As such, this petition is not within the core or traditional scope of habeas corpus and this Court should dismiss this matter.   See Lee v. Williamson, 297 F. App'x 147, 148 (3d Cir. Oct. 24, 2008) (finding district court properly dismissed medical care claims because they do not lie at the "core of habeas" and therefore are not cognizable in a § 2241 petition) (copy attached); McCarthy v. Ebbert, 2014 WL 6773847 at *4 (M.D. Pa. Dec. 2, 2014) (complaints about prison medical care simply do not sound in habeas) (copy attached); Ayala-Mendez v. Ebbert, No. 4:09-CV-2561, 2010 WL 411745 (M.D. Pa. Jan. 25, 2010) (concluding claim of inadequate medical care and transfer request to be challenges to conditions of confinement, and thus not properly pursued through a habeas petition) (copy attached); see also Yacoub v. Elwood, 2002 WL 32351160 at *4 (E.D. Pa. Jan. 14, 2002) (denying immigration detainee's claim of inadequate medical attention "because a habeas proceeding is not the appropriate avenue" to raise such a claim) (copy attached).   None of Holloman's complained of allegations are issues that can be addressed in a habeas corpus petition, and the Court should summarily dismiss this matter pursuant to Rule 4 of the Rules

4

Governing Section § 2254 cases, 28 U.S.C. § 2254 (applicable to § 2241 petitions through Rule 1(b)).    See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158-59 (M.D.Pa. 1979).

## V.  Conclusion

This Court should dismiss Holloman's habeas petition with a certification that any appeal would be frivolous, lacking in probable cause, and not taken in good faith.

<div style="margin-left:40%">

Respectfully submitted,

DAVID J. FREED
United States Attorney

s/ Samuel S. Dalke
Samuel S. Dalke
Assistant United States Attorney
PA 311803
Michele E. Lincalis
Supv. Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17701
Phone:   717-221-4482
Fax: 717-221-4493
Samuel.S.Dalke@usdoj.gov

</div>

Date:    April 26, 2019

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK LEE HOLLOMAN,** | : | **No. 3:CV-19-0080** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **(Judge Mannion)** |
| | : | |
| **WARDEN SCOTT FINLEY,** | : | |
| **Respondent** | : | **Filed Electronically** |

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on April 26, 2019, she served a copy of the attached

## <u>RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS</u>

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Derrick Lee Holloman
Reg. No. 24429-057
FCI Schuylkill
P.O. Box 759
Minersville, PA   17954

<u>s/ Melissa M. Rooney</u>
Melissa M. Rooney, Contractor
Senior Litigation Paralegal