**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

**DERRICK LEE HOLLOMAN,** :

    **Petitioner** :

                                  **CIVIL ACTION NO. 3:19-0080**

**v.** :

                                  **(Judge Mannion)**

**Warden SCOTT FINLEY,** :

    **Respondent** :

**MEMORANDUM**

**I. Background**

Derrick Lee Holloman, an inmate confined in the Schuylkill Federal Correctional Institution, Minersville, ("FCI-Schuylkill"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). Petitioner raises the following four claims for relief:

1. The deliberate and unnecessary withholding of food essential to normal health is deliberate indifference to medical needs and violated the Eighth Amendment. Since arriving at FCI-Schuylkill, [he] has been forced to miss well over (1000) meals due to [his] food allergies.

2. Right to be free from the infliction of cruel and unusual punishments as guaranteed by the Eighth Amendment violation of Eighth Amendment rights has been found when there is an intentional denial of medical care.

1

> [Petitioner's] medical records will show that [he] was never given [his] prescriptions to both Benadryl or Claritin.
>
> 3. Courts defined "serious medical need" as one that has been diagnosed by a physician as mandatory treatment or one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention. On the date of July 31, 2017, [Petitioner] was seriously injured and hospitalized after being fed food that [he] was highly allergic to.
>
> 4. Prison officials must follow their own rules if prison officials fail to follow their own rules and regulations, prisoners cannot be faulted for failing to do better. Records show that by having [Petitioner] placed on a self select diet violates the Federal Bureau of Prisons Clinical Practice Guidelines Management of Food Allergies.

(Doc. 1). For relief, Petitioner requests the following: "In these (3) almost (4) years my imprisonment has been made more burdensome than the law allows and has curtailed my liberty to a greater extent than the law permits. I humbly request that the remainder of my sentence be terminated and that I'm released to start my life as a free man once again." Id.

On April 26, 2019, a response was filed. (Doc. 4). Although provided an opportunity, no traverse has been filed by Petitioner. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

## II. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, to 28 U.S.C. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa. 1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it

necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner's challenge to the conditions of his confinement is not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. Rather, Petitioner seeks release as a result of his alleged food allergies not being properly managed and because he is allegedly not receiving appropriate medication for them. This deprivation, however, does not legally effect the length of his sentence. While Petitioner seeks release, his allegations are not properly directed toward the fact or duration of his confinement, but rather to the conditions of his confinement. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather must be pursued through the filing of a Bivens[1] action. His actual claims do not lie at the "core of habeas" in that they do not challenge the fact or length of a sentence or confinement. Therefore, they are not cognizable in a §2241 petition. See Preiser, 411 U.S. at 500; see Leamer, 288 F.3d at 542-44. Consequently, the petition will be dismissed without prejudice to any right Holloman may have to reassert his claim in a properly filed civil

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

4

rights complaint.

III. **Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 10, 2018**
19-0080-01